# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

TANAYA M. HARMS and
ARCHIE D. EDWARDS,

        Plaintiffs,

v.                                                         CIVIL ACTION NO. 5:17-cv-03981

DITECH FINANCIAL LLC,

        Defendant.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the *Plaintiffs' Motion to Remand* (Document 7) and the *Memorandum in Support* (Document 8), *Defendant Ditech Financial LLC's Memorandum in Opposition to Plaintiffs' Motion to Remand* (Document 9), and the Plaintiffs' *Reply in Support of Plaintiffs' Motion to Remand* (Document 10). In addition, the Court has reviewed the Plaintiffs' *Complaint* (Document 1-2), the Defendant's *Notice of Removal* (Document 1), and all exhibits. For the reasons stated herein, the Court finds that the motion should be granted.

## FACTUAL ALLEGATIONS

The Plaintiffs, Tanaya M. Harms and her father, Archie D. Edwards, filed their complaint against Defendant Ditech Financial LLC in the Circuit Court of Greenbrier County, West Virginia, on April 21, 2017. Ditech removed the matter to this Court on September 13, 2017, following receipt of a settlement demand.

Ms. Harm's home in Greenbrier County, West Virginia, was heavily damaged and rendered uninhabitable as a result of a flood in June 2016. Her mortgage, which Mr. Edwards co-signed,

was serviced by Ditech. The original loan principal was $129,900, and the outstanding balance as of September 19, 2017, was $123,660.98. Following the flood, Ms. Harms received an insurance payout of $61,058.48. She alleges that she endorsed an initial insurance payment of $10,000 to Ditech, but Ditech refused to apply the check to her mortgage payments or to return it. At Ditech's suggestion, Ms. Harms sought to obtain a deed in lieu of foreclosure, wherein Ditech would receive the insurance proceeds and title to the home, and the Plaintiffs would be relieved of their loan obligation. However, Ditech ignored and/or declined her request, and continued aggressive collection activity while Ms. Harms continued her efforts to reach a resolution. The Plaintiffs' complaint contains the following claims for relief: Count One – Misrepresentation/Unconscionable Conduct; Count Two – Illegal Debt Collection; Count Three – Unreasonable Publication; Count Four – Negligence; and Count Five – Estoppel.

The Defendant removed this case based on a settlement demand issued by the Plaintiffs on August 14, 2017. The Plaintiffs sought to resolve the case for $20,000 in cash, attorney's fees in the amount of $12,500, credit repair, and cancellation of the mortgage loan in exchange for the full insurance proceeds and the deed to the property.

## STANDARD OF REVIEW

An action may be removed from state court to federal court if it is one over which the district court would have had original jurisdiction. 28 U.S.C. § 1441(a).[1] This Court has original

---

1 Section 1441 states in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

jurisdiction of all civil actions between citizens of different states or between citizens of a state and citizens or subjects of a foreign state where the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a)(1)-(2). Generally, every defendant must be a citizen of a state different from every plaintiff for complete diversity to exist. Diversity of citizenship must be established at the time of removal. *Higgins v. E.I. Dupont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir.1998).

Section 1446 provides the procedure by which a defendant may remove a case to a district court under Section 1441. Section 1446 requires that "[a] defendant or defendants desiring to remove any civil action from a State court shall file . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Additionally, Section 1446 requires a defendant to file a notice of removal within thirty days after receipt of the initial pleading. It is a long settled principle that the party seeking to adjudicate a matter in federal court, through removal, carries the burden of alleging in its notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter. *Strawn et al. v. AT &T Mobility, LLC et al.*, 530 F.3d 293, 296 (4th Cir. 2008); *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("The burden of establishing federal jurisdiction is placed upon the party seeking removal.") (citation omitted).

Accordingly, in this case, the removing defendant has the burden to show the existence of diversity jurisdiction by a preponderance of the evidence. *See White v. Chase Bank USA, NA.*, Civil Action No. 2:08-1370, 2009 WL 2762060, at *1 (S.D. W.Va. Aug. 26, 2009) (Faber, J.) (citing *McCoy v. Erie Insurance Co.*, 147 F.Supp. 2d 481,488 (S.D. W.Va. 2001)). Where the

---

28 U.S.C. § 1441(a).

amount in controversy is not specified in the complaint, the defendant must "demonstrate that it is more likely than not that the amount in controversy exceeds the jurisdictional amount." *Landmark Corp. v. Apogee Coal Co.*, 945 F. Supp. 932, 935 (S. D. W. Va. 1996) (Copenhaver, J.) In deciding whether to remand, because removal by its nature infringes upon state sovereignty, this Court must "resolve all doubts about the propriety of removal in favor of retained state jurisdiction." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999).

## DISCUSSION

The Plaintiffs assert that this matter should be remanded because the amount in controversy does not exceed $75,000. They calculate the net cost of their settlement demand at approximately $13,437.01, based on the balance of the mortgage loan, the appraised value of the property, the insurance proceeds, and the cash demand. They further argue that the removal is untimely, because it took place more than thirty days after receipt of the initial pleading, and, they assert, the settlement demand does not provide grounds for removal because it does not exceed the $75,000 threshold. The Defendant asserts that the amount in controversy does exceed $75,000. It argues that the outstanding mortgage balance of $123,660.98, less the total insurance proceeds of $61,058.48, results in a loss of $62,602.98 for the property, and the addition of the cash demand of $32,500 results in a total amount in controversy of more than $75,000. Ditech further argues that the value of the property itself is "negligible" and that the insurance proceeds would not be sufficient to fully restore the property to its pre-flood appraised value of $130,000. In reply, the Plaintiffs argue that there is no evidence to support the Defendant's contention that the post-flood value of the home is zero, and even if it were, a 2017 appraisal valued the land at $30,300. Thus, the most the settlement demand could reasonably be valued at is $64,802.98—the cash demand of

4

$32,500 plus a net loss on the property of $32,302.98 (reflecting the outstanding mortgage, less the insurance proceeds and the value of the land).

The Court finds that Ditech has not met its burden of demonstrating by a preponderance of the evidence that the amount in controversy is at least $75,000. As an initial matter, the amount in controversy must be evaluated based on the value of the August 14, 2017 settlement demand, as the "other paper" upon which removal was based. 28 U.S.C. § 1446(b)(3) (permitting removal within 30 days after receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.").[2] That settlement demand consisted of a request for a total of $32,500 in cash, including a cash award to the Plaintiffs and attorney's fees, and the deed in lieu of foreclosure that is the nexus of the disputed value.

The Plaintiffs proposed that Ditech accept the deed to the property and the insurance proceeds of $61,058.48, in full satisfaction of the outstanding mortgage balance of $123,660.98. The home was appraised for $130,000 in 2007 when Ms. Harms purchased it, the land itself was appraised for $30,300 in 2017, and Greenbrier County appraised the value of the home at $72,300 in 2016. The insurance company determined that the cost to restore the home to its pre-flood

---

2 The parties have presumed that this provision is applicable in this case, and their dispute centers only on whether the settlement demand meets the amount in controversy. The Court has therefore evaluated that issue. As the Court concludes that the Defendant has not shown that the settlement demand amounted to at least $75,000, further consideration of whether this matter could have been removable is moot. The Court notes, however, that it is not clear that the settlement demand provided new information that would increase the potential amount in controversy beyond the amount that could be ascertained by the initial pleading. Thus, although courts in this district have held that a settlement demand may constitute "other paper" permitting removal after the initial filing, it is not clear that the settlement demand in this case meets the criteria set forth in the statute. *See, e.g.*, *Scaralto v. Ferrell*, 826 F. Supp. 2d 960, 962 (S.D.W. Va. 2011) (Goodwin, C.J.) (finding that settlement demand of $150,000 constituted 'other paper' for purposes of 28 U.S.C. § 1446(b)(3) where medical bills related to accident underlying complaint amounted to $15,000 at the time of the complaint).

condition would be $82,572.73. Regardless of the value of the home with or without repairs, the value of the land is sufficient to keep Ditech's potential loss, under the proposed settlement, under $75,000. The mortgage balance of $123,660.98 plus the cash demand total $156,160.98. Ditech would receive insurance proceeds of $61,058.48, and an asset worth no less than $30,300, reducing the potential loss to $64,802.50. It is the removing Defendant's burden to produce evidence of the amount in controversy to establish federal jurisdiction. The Defendant has produced no evidence to support its supposition that the property has essentially no value. Further, the Court is mindful that any doubt regarding removal is to be resolved in favor of retained state jurisdiction. Accordingly, the Court finds that it lacks jurisdiction, and this matter must be remanded to the Circuit Court of Greenbrier County, West Virginia.

## CONCLUSION

Wherefore, after thorough review and careful consideration, for the reasons stated herein, the Court **ORDERS** that the *Plaintiffs' Motion to Remand* (Document 7) be **GRANTED** as to remand, that this matter be **REMANDED** to the Circuit Court of Greenbrier County, West Virginia, for further proceedings, and that any pending motions be **TERMINATED AS MOOT**.

The Court observes that the Plaintiffs have requested an award of costs and fees associated with the removal of this action. (*See* Pls.' Mot. at 1) (Document 7.) Should the Plaintiffs continue to seek such an award, the Court **ORDERS** that they submit their calculation of applicable costs and any associated briefing **no later than April 6, 2018.**

The Court **DIRECTS** the Clerk to send a certified copy of this Order to the Clerk of the Circuit Court of Greenbrier County, West Virginia, to counsel of record and to any unrepresented party.

ENTER: March 19, 2018

*Irene C. Berger*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA