# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

TANAYA M. HARMS and
ARCHIE D. EDWARDS,

        Plaintiffs,

v.                           CIVIL ACTION NO. 5:17-cv-03981

DITECH FINANCIAL LLC,

        Defendant.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the *Petition for Award of Attorney's Fees Incurred as a Result of Defendant's Improper Removal* (Document 36), the *Memorandum in Opposition to Plaintiffs' Petition for Award of Attorney's Fees* (Document 37), the *Reply in Support of Plaintiffs' Petition for Award of Attorney's Fees Incurred as a Result of Defendant's Improper Removal* (Document 38), and all attached exhibits. For the reasons stated herein, the Court finds that the Plaintiff's petition should be granted.

The Defendant asserted federal diversity jurisdiction as the basis for its removal of this case. The Plaintiffs moved for remand, asserting that the amount in controversy was below $75,000. The Plaintiffs' claims involve allegedly unlawful collection attempts on a home mortgage for a residence that was heavily damaged in a flood. They sought to settle for $20,000 in cash, attorney's fees in the amount of $12,500, credit repair, and cancellation of the mortgage loan (with an outstanding balance of $123,660.98), in exchange for which the Defendant would

retain the full insurance proceeds of $61,058.48 and the deed to the property. The Defendant based its removal and amount in controversy claim on the settlement demand. The Court concluded that there was no reasonable calculation that would place the amount in controversy at or above $75,000, and granted the Plaintiffs' motion to remand.

The Plaintiffs seek an award of attorney's fees incurred as a result of the removal. They argue that the Defendant did not have a reasonable basis for removal. The Plaintiffs further note that they offered the Defendant an explanation of the value of their settlement demand at the time of removal, but the Defendant refused to stipulate to remand. They seek a total award of $2,204, based on a $290 hourly rate. The Plaintiffs' counsel spent 4.5 hours on briefing the motion to remand, and an additional 3.1 hours preparing the fee request.

The Defendant argues that its basis for removal was reasonable because, in addition to the value of the settlement demand as considered by the Court, the cancellation of the mortgage would require it to forfeit interest that would otherwise have accrued. It asserts that the "foregone interest far exceeds the speculative value of the land and the negligible value of the structure." (Def.'s Resp. at 2). Even if the Court awards fees, the Defendant argues that the Plaintiffs are not entitled to the attorney's fees associated with the fee petition.

In reply, the Plaintiffs point out that future interest on a mortgage is not an entitlement under a mortgage contract, as borrowers are typically entitled to refinance or pay off the loan early. The Plaintiffs further argue that other courts within this division have granted fees associated with time spent on a fee petition.

28 U.S.C. §1447(c) provides: "An order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The

United States Supreme Court has held that "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). The Court went on to explain:

> The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

*Id.* at 140.

The Court finds that the Defendant lacked an objectively reasonable basis for removal. It produced no evidence and no non-frivolous explanation for its amount in controversy calculation. The Defendant now contends that the value of the land, which the Court drew from county appraisal records submitted by the Plaintiffs, is "speculative." The Defendant bore the burden of demonstrating facts supporting federal jurisdiction, yet argues that it had an objectively reasonable basis for removal because it considers the evidence submitted by the Plaintiffs—which it did not counter with evidence of its own—to be speculative. The Court must rely on evidence presented by the parties. The Defendant did not present evidence that would support an objectively reasonable basis for believing the amount in controversy, based on the Plaintiffs' settlement demand, meets or exceeds $75,000. Therefore, the Court finds that it is appropriate to award the Plaintiffs attorneys' fees to defray the costs associated with the improper removal.

When considering motions for attorneys' fees available by statute, the Supreme Court has instructed that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). A district court's assessment of the requested

award should include consideration of hours which were spent excessively, redundantly, or unnecessarily. *Id.* at 434. This starting calculation is referred to as the lodestar amount. *Grissom v. The Mills Corp.*, 549 F.3d 313 (4th Cir. 2008). To determine the reasonable hourly rate, "the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award." *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990).

The Fourth Circuit Court of Appeals has provided further guidance on the calculation of reasonable attorneys' fees and has established twelve factors that a district court should consider when calculating reasonable attorneys' fees. These factors are known as the *Johnson* factors and are as follows:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Grissom*, 549 F.3d at 321. Upon completion of this lodestar calculation, a "court then should subtract fees for hours spent on unsuccessful claims unrelated to successful ones." *Grissom*, 549 F.3d at 321 (quoting *Johnson v. City of Aiken*, 278 F.3d 333, 337 (4th Cir.2002)). "Once the court has subtracted the fees incurred for unsuccessful, unrelated claims, it then awards some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." *Johnson*, 278 F.3d at 337.

Here, the Defendant has not contested the Plaintiffs' counsel's requested hourly rate of $290, which the Court finds to be quite reasonable. The Defendant instead contests any award for time spent on the petition for fees. The Court finds that the time expended in a motion for fees is appropriately included in an award of fees arising from improper removal. As the Plaintiff notes, at least one other court within this district has awarded such fees. *Sheppard v. Conway*, No. CIV.A. 3:14-25039, 2015 WL 1528788, at *4 (S.D.W. Va. Apr. 3, 2015) (Chambers, C.J.) (awarding fees for time spent preparing the fee request, as well as the remand motion). If the Court had relied on the fee request contained in the motion for remand, the time would likely be folded into the time spent on remand. Instead, the Court directed separate briefing on the fee issue, a procedure designed largely to permit the Defendant to submit briefing on that issue after reviewing the Court's reasoning on the motion to remand.

The Court further finds that the Plaintiffs' counsel's hours and hourly rate are reasonable. She is a well-qualified, experienced attorney. The legal questions raised by the removal and remand are not complex, but did require both legal and factual research and briefing. Further, it may be difficult to obtain counsel for consumer protection cases of this nature, with relatively low potential value. The Defendant's improper removal increased the work involved in pursuing the case and delayed work toward resolution of the core issues. The Plaintiffs' counsel kept careful records detailing the time spent in each discrete task involved in reviewing the notice of removal, drafting the motion to remand, drafting the reply brief, and researching and drafting the petition for attorney's fees. A total of 7.6 hours on those tasks is likewise reasonable and in line with awards in similar cases.

Accordingly, after thorough review and careful consideration, the Court **ORDERS** that the Plaintiffs' *Petition for Award of Attorney's Fees Incurred as a Result of Defendant's Improper Removal* (Document 36) be **GRANTED** and that the Plaintiffs be awarded **$2,204.00** in fees.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to counsel of record and to any unrepresented party.

ENTER: August 16, 2018

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA